## WILLIAM ROSTON *vs.* WILLIAM MORRIS.

1. A bill of exceptions cannot be taken upon the trial of an appeal before the Common Pleas; the court may, in its discretion, refer questions of law to the superior court by a state of the case.

2. The fifty-third rule of the Supreme Court is applicable to the case of a *certiorari* in appeal cases. This rule does not authorize depositions to be taken to show what the evidence was on particular points, but to show whether some particular fact was or was not proved, or some particular admission made or decision given.

3. Where an error is relied upon, not appearing upon the papers returned, the plaintiff must show clearly, and not merely by probable evidence, the matter out of which the error is alleged to rise.

4. The notes of counsel of the evidence taken on the trial of a cause, sworn to be correct under a rule to take depositions, cannot be received as a state of the case or to show the facts relied on to prove errors assigned.

5. In an action of trover by one joint owner of property, the plaintiff must show an actual destruction of the property by the defendant, or something equivalent. It is error for the court to charge, that receiving corn into a crib was tantamount to a destruction or use of it.

*Certiorari* to the Camden Common Pleas.

Argued before Justices ELMER and HAINES ; *Dudley,* for plaintiff in *certiorari ; Browning,* for defendant.

The opinion of the court was delivered by

ELMER, J. This was an action of trover, wherein Morris was the plaintiff, and Roston the defendant, tried originally before a justice, and afterwards upon an appeal in Camden Pleas, where a verdict was rendered for the plaintiff. Several reasons for a reversal, relating to the ruling of the court, having been filed, a rule of this court was obtained in behalf of the plaintiff in *certiorari*, that the judges of the Court of Common Pleas should certify what evidence was adduced in regard to certain matters specified, and what charge was given to the jury; and in case the judges should be unable to certify the evidence in the particulars mentioned, and their charge to the jury, that then the said plaintiff have leave to take affidavits to prove the same.

Upon the argument here, a return of the judges to the rule was produced, setting forth that they did not take any notes of the evidence, and were therefor unable to certify what the evidence before the court was in any of the particulars mentioned in the rule. They also certified that they were requested by the counsel of the defendant to charge the jury upon certain points of law, which he reduced to writing; and the court thereupon charged the jury, a copy of which points and the charge were returned. A deposition having been taken to prove the matters of evidence, which the judges were unable to certify, the same was offered to be read, but was objected to. The deposition was that of the attorney who tried the case on the appeal, who testified, " that he took notes of the evidence of every witness sworn, and what each one said, and that a paper which he produced, and which was annexed, was in his handwriting, and was the evidence, and all the evidence, that was before the court on the trial of the appeal; there were no other witnesses examined in the case, and he believed that the evidence as set out was correct, just as they gave it.

The notes of counsel cannot be received as a substitute for a state of the case ; the danger of doing so is too obvious to require comment. In England, counsel engaged in the argument of a case have been refused to be permitted to give evidence ; and although this strictness has not been usual in this state, we think that, as a general rule, a counsel who is called upon to give testimony on controverted points ought not to conduct the cause. Where a witness previously examined has died, from the necessity of the case, counsel who took notes of the evidence, and will swear to their accuracy, have been permitted to produce them, and swear to what he said. 1 *Greenl. Ev.* § 165, *n.* 2 ; *Sloan* v. *Somers, Spenc.* 66. But this is a different case, not governed by the same rules which apply to the admission of evidence on trials. And besides, the witness did not undertake from memory, aided by his notes, to state what the evidence was, but produces the notes, and makes the paper containing them an exhibit. Instead of being confined to the points upon which the rule authorizes affidavits to be taken, these notes contain all the evidence in the cause.

The order to take affidavits, as entered, does not conform to the fifty-third rule of this court, which, although not in terms, in its spirit applies to *certioraris* in appeal cases, and was improvidently granted. By that rule, the matter to be supplied by affidavits is required to be particularly set forth. This does not mean that affidavits may be taken to show what the evidence was on particular points, but that it may be thus shown, whether some particular fact was proved or was not proved, or whether some particular admission was or was not made, or some particular decision made by the court. It is not the province of this court, upon a *certiorari,* to decide upon the weight of the evidence, and the evidence ought not ordinarily to be brought before it. The practice to do this was precisely what was meant to be prohibited by the

rule. A bill of exceptions cannot be taken in any case where a writ of error does not lie. In other cases, the court making the decision may, in its discretion, refer the questions of law arising in the case to this court by a state of the case made and signed at the time of the trial ; but this, although in many cases highly proper, it is not bound to do : and if a state of the case is made, it ought to contain no more of the evidence than is necessary to present the questions of law actually decided. If no state of the case is made, and the party bringing the *certiorari* relies upon some error, not appearing on the papers returned, he must show clearly, and not merely by probable evidence, the matter out of which the error arises.

One of the reasons assigned for a reversal in this case is, that the court, in charging the jury, told them that the reception by the plaintiff, the defendant below, of the corn into his crib was tantamount to its actual use or destruction. It appears from the statements in the charge, that the plaintiff and defendant were joint owners of a quantity of corn, for an alleged conversion of which, by one of the parties, the action was brought. The court was requested to charge, that one joint owner cannot maintain trover against the other, unless there has been an actual destruction of the property by the other, and that if, in the opinion of the jury, the evidence proved a joint ownership the plaintiff was not entitled to recover, unless there was proof of actual destruction. The law in such a case undoubtedly requires destruction of the property, or something equivalent. 2 *Greenl. Ev.* § 646. If the charge had been, that if from the whole evidence the jury believed the defendant had used the corn, or made such a disposition of it as prevented the plaintiff from ever getting it, there would have been no error. But the charge was, " that the evidence went to show that Roston received the corn into his crib ; the inference was natural and legitimate that such reception was tantamount

to its actual use or destruction." This was erroneous: something more than the mere reception of the corn into the crib of a person who had a right to have it there, was necessary to authorize a jury to infer a destruction of the property, or something equivalent thereto. The judgment, therefore, must be reversed.

HAINES, J., concurred.

CITED *in State v. Browning,* 3 *Dutch.* 533